RICHARDSON & a. v. SMITH.

A judgment rendered by a justice of the peace, in a matter of which he
has exclusive jurisdiction, will not be quashed on *certiorari* because his
decision was not announced at the close of the hearing, especially if no
objection is made to the delay.

On a common law *certiorari*, a regular judgment of the inferior tribunal
rendered within the limits of its jurisdiction cannot be revised as to
matter of fact.

PETITION for a writ of *certiorari* to quash the record and pro-
ceedings of the defendant, a justice of the peace, on the complaint
of S., a highway surveyor, for a warrant directing the removal of
certain stones and earth in a highway. The petitioners alleged
that a hearing was had on the complaint, but that no judgment
was rendered thereon, nor was the hearing adjourned, and that at
the hearing it appeared that there were no stones or other thing
incumbering the highway. The defendant answered setting forth
the proceedings before himself as justice, and annexed a copy of
his record of the same. It appeared from the record that due

notice was given of the hearing; that the petitioners were present and were heard; that it was adjudged that the stones mentioned in the complaint were placed in the highway by the petitioners unlawfully and were an incumbrance therein, and that it was necessary for the public convenience that the same be removed; that the petitioners had been duly notified by the surveyor to remove the same; and that it was thereupon ordered that a warrant issue to the surveyor directing him to remove the stones and sell so many as might be necessary to pay the costs taxed at $4.75, and three times the price of the labor in removing the stones, estimated at $13. A warrant was accordingly issued to the surveyor, who removed the stones, and upon due notice sold the same at public sale, and made return of his doings upon the warrant.

Facts found by a referee. The stones described in the complaint were not an incumbrance in the highway. At the hearing appointed by the defendant the petitioners attended and were heard, and a view taken of the alleged incumbrance. When the hearing closed no decision was given nor adjournment had, but the defendant announced to the petitioners that he would make his decision known to one of them in a day or two. The petitioners thereupon left, and at about the same time the defendant went to the barn of the complainant, and, in the presence of the complainant and his counsel and others, rendered his decision that the stones complained of were an incumbrance, and should be removed for the public convenience. The petitioners were informed by the defendant on the next day that he had decided against them, and two days afterwards they learned fully what the decision was.

*C. U. Bell*, for the petitioners.

*G. C. & G. K. Bartlett*, for the defendant.

SMITH, J. It does not appear that the petitioners objected to the course proposed by the defendant when the hearing before him closed; nor does it appear that there was any further hearing after they left; nor is it found that any fraud was practised. The judgment was not invalidated by the defendant's delay to make his decision known to the petitioners until the day following the hearing. *Ela* v. *Goss*, 20 N. H. 53. Whether *certiorari* is a proper process to set aside a judgment fraudulently rendered, we have no occasion to inquire.

A justice of the peace, upon proper proceedings, has jurisdiction of timber, lumber, stone, or other things upon a highway, incumbering it. G. L., c. 76, ss. 4, 5. The proceedings are of a summary character, and intended to afford a prompt remedy for the removal of incumbrances rendering the public use of the highway unsafe or inconvenient. Whether such lumber or stone is an incumbrance, and its removal necessary for the public convenience,

are questions of fact to be determined upon a view and upon other competent evidence by the justice. The magistrate found that the stones were an incumbrance, and their removal necessary for the public convenience. His proceedings as shown by the record were regular, and the record is conclusive. *State* v. *Thompson*, 2 N. H. 237; *Petition of Landaff*, 34 N. H. 163, 173, 176, 178; *Hayward* v. *Bath*, 35 N. H. 514, 522. To look into the facts and hold that the magistrate decided wrongly (provided we should come to that conclusion), and therefore that he had no jurisdiction, would be turning the process of *certiorari* into an appeal. The common-law writ of *certiorari* is awarded after judgment, where the court above has no jurisdiction of the original cause and can render no judgment in it, in order that the judges may inspect the record and see whether the inferior court has kept within the limits of its jurisdiction. 1 Tidd Prac. 333, 334; *Petition of Landaff*, 34 N. H. 163, 173. The record in this case discloses no error.

*Writ denied.*

All concurred.